# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

AMANDA CAGLE, et ux                        CIVIL ACTION NO. 11-0031

-vs-                                              DISTRICT JUDGE DRELL

THE HANOVER AMERICAN
    INSURANCE COMPANY                  MAGISTRATE JUDGE KIRK


## REPORT AND RECOMMENDATION ON MOTION TO REMAND

Before the Court is plaintiffs' Motion to Remand and for attorney fees,  **Doc. # 7**, referred to me by the district judge for report and recommendation.

## FACTUAL BACKGROUND

Plaintiffs, Amanda and Benjamin Cagle, filed this suit against their homeowners insurance company for failure to pay the entirety of a claim concerning damage to their home in Natchitoches. The Cagles allege that, in early 2010, they suffered damage to their home when part of their home "collapsed" due to hidden decay in the floor joists. The claim was filed with Hanover and it sent its adjuster, Louisiana resident Brandeburg, to inspect the damage. Plaintiffs allege that Brandeburg told them at the time that the loss was a "collapse", but that their policy did not provide coverage for "collapse" but would be covered to a limited extent under an endorsement that covered dry rot. Brandeburg is alleged to have confirmed his findings in an email. After Brandeburg again advised the plaintiffs that their policy excluded "collapse", plaintiffs sent Brandeburg an email pointing out the policy

provision which they claim does provide coverage for collapse. Plaintiffs claim that Brandeburg then changed his opinion that the loss was a collapse. After Brandeburg again refused to pay more, plaintiffs asked for contact information on his supervisor, which they allege he failed to provide.

The Cagles sued the insurance company, Hanover, and its adjuster, Brandeburg, in state court. Hanover timely filed a notice of removal to this court asserting that Brandeburg is "improperly" joined.[1] Plaintiffs have filed this motion to remand on the basis that Brandeburg is a resident of Louisiana and, therefore, complete diversity of the parties does not exist.[2]

<u>DISCUSSION</u>

The applicable statute, 28 U.S. § 1332(a), gives federal district courts original "diversity" jurisdiction over suits between citizens of different states if the amount each plaintiff seeks exceeds $75,000.  28 U.S. § 1332(a); <u>Caterpillar v. Lewis</u>, 519 U.S. 61, 62, 117 S.Ct. 467, 469 (1996).  All plaintiffs must be diverse from all defendants for the court to have diversity jurisdiction.  <u>Exxon Mobil Corp. v. Allapattah Services, Inc.</u>, 125 S.Ct. 2611, 2635 (2005).  Therefore, where one plaintiff and one defendant are from the same

---

[1]  The Fifth Circuit has suggested that the term "improper joinder" is more consistent with the statutory language than "fraudulent joinder" and is thus preferred. <u>Smallwood v. Illinois Central Gulf Railroad Company</u>, 385 F.3d 568 (5th C. 2004). However, the term "improper joinder" is less precise and is sometimes  cause for confusion, particularly where issues are presented as to both "improper joinder" and "misjoinder" under Rules 20 & 21 as well longstanding concepts of joinder under Louisiana law.

[2]  Consent to removal is not required to be given by a fraudulently joined defendant.

2

state, ordinarily federal courts have no jurisdiction under § 1332.  However, any party may argue that such a case is removable on the basis that complete diversity *would* exist if not for the fact that the non-diverse parties have been improperly joined in the suit.  "Improper Joinder" can be established by actual fraud in the pleading of jurisdictional facts, or an inability of a plaintiff to establish a cause of action against a defendant in state court.  *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir. 2004); Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003).

Defendants allege that plaintiffs have no reasonable possibility of recovery against the individual defendant, the insurance agent, Harris.  Their burden of proof is a heavy one. See Ross v. Citifinancial, 344 F.3d 458, 463 (5th Cir. 2003); Travis, 326 F.3d at 648.  Our inquiry is similar to that made when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim.  Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).  To prove improper joinder, the defendants must put forth evidence that would negate a possibility of recovery against the non-diverse defendant(s).  *Id.*  All disputed questions of fact and ambiguities of law must be construed in the plaintiff's favor.  Travis, 326 F.3d at 648.  Furthermore, the Fifth Circuit has cautioned  against a finding of improper joinder before the plaintiff has had sufficient time for discovery. *Id.* at 651 (ordering federal district court to remand case to state court after finding that plaintiff had a reasonable possibility of recovery under state law).  "Simply pointing to the plaintiff's lack of evidence at this stage of the case is insufficient to show that there is no possibility for (the plaintiff) to establish (the defendant's) liability at trial." *Id.*

3

In discerning whether a non-diverse defendant has been fraudulently joined, the court must determine whether the plaintiff has any possibility of recovering against the non-diverse defendant. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100-101 (5th Cir.) 1990.

<u>ANALYSIS</u>

Plaintiffs suggest that, under certain circumstances, an insurance adjuster can be liable to a claimant and that this case presents such circumstances. In their petition, the Cagles allege fault of the adjuster, Brandeburg, as follows:

"1. Knowingly and intentionally misrepresenting pertinent facts and/or insurance policy provisions relating to coverage issues;

2. Knowingly and intentionally failing to make a written offer to settle within the statutory delays allowed by law;

3. Knowingly and intentionally failing to recommend payment of the amount due Petitioners within the statutory delays allowed by law after receipt of satisfactory proof of loss from the Petitioners, such failure being arbitrary, capricious, or without probable cause;

4. Arbitrary and capricious failure to adjust the petitioners' claim fairly and promptly and to make a reasonable effort to settle the claim with the Petitioners;

5. Knowingly and intentionally failing to respond to inquiries and/or request (sic) from the Petitioners within statutory delays allowed by law."

An insurance adjuster does not owe an independent tort duty to the insured. Motin v. Travelers, 2003 WL 22533673. However, under some circumstances, it might be shown

4

that the adjuster has undertaken such a duty to the claimant. Id. In determining whether those circumstances are present the courts will look to the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, and whether there were misrepresentations or fraud. Toups v. State Farm, 2007 WL1030452 (E. D. La.) (Berrigan, J.)[3] See also, Edwards v. Allstate, 2005 WL221560 (E.D.La.), (Duval, J.). Despite the numerous cases cited by plaintiffs which give lip service to the theoretical possibility of an adjuster's liability, I have found no case which casts an adjuster in judgment nor have plaintiffs directed the court to one.

In this case, while plaintiffs have alleged various acts of fault on the part of the adjuster, no facts are alleged from which it might be supposed that he assumed a duty to plaintiffs. Indeed, the acts alleged are the very duties imposed upon insurers by the applicable insurance statutes. See LSA-R.S. § 22:658 and LSA-R.S. § 22:1220 which, respectively, provide an insured remedies against an insurer (1) for arbitrarily failing to pay the claims of the insured thirty days after receipt of satisfactory proof of loss and (2) for failing to abide by its duty of good faith and fair dealing or its affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured. Motin, supra.

_____

[3] Perhaps the most thorough and helpful analysis of this issue and the jurisprudential evolution of the applicable law is found in Judge Berrigan's opinion in Motin, cited above.

None of Brandeburg's statements, even if made as plaintiffs allege, have misled plaintiffs to their prejudice. Whether coverage is provided or not is a matter of what the policy provides and applying applicable law, regardless of what Brandeberg might have said. This is not a case like <u>Pellerin v. Cashway Pharmacy</u>, 396 So.2d 371, La. App. 1st C., 1981), where prejudice could be shown if the allegations were proven that, following the adjuster's advice, a claim was not made until after plaintiff was released from her doctor's care, by which time the claim had prescribed.

Further, there is no indication that fraud is present on the facts alleged by plaintiffs. Even allegations that the adjuster intentionally acted in bad faith in adjusting claims do not support a cause of action in tort against the adjuster. <u>Motin</u>, supra.

Defendants also argue that, because Brandeburg's employer would be liable, under principles of respondeat superior liability,  for the tortious acts of its employee Brandeburg, that Brandeburg can have no liability. This statement is simply an incorrect statement of the law, for the mere fact that a defendant's employer may <u>also</u> be liable by virtue of respondeat superior liability does not relieve the employee from personal responsibility.

Therefore, I find that there is no reasonable basis to predict recovery against adjuster Brandeburg and his presence in the case should be ignored for purposes of the jurisdictional analysis. Because complete diversity then exists, the motion to remand should be denied.

<u>CONCLUSION</u>

For the foregoing reasons, because complete diversity exists, IT IS RECOMMENDED that the plaintiffs' motion to remand (Doc. **7**) be DENIED. IT IS FURTHER RECOMMENDED that the plaintiff's motion for attorney fees also be denied.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection tot he magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

THUS DONE AND SIGNED at Alexandria, Louisiana, this 5th day of April, 2011.

7